Ronda Baldwin-Kennedy, Esq. (SB #302813)
Law Office of Ronda Baldwin-Kennedy
24307 Magic Mountain Pkwy, # 337
Valencia, CA 91355-3402
Ph: (951) 268-8977
Fax: (702) 974-0147
Email: ronda@lorbk.com

.

# UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE SPIRIT ORGANICS< MAC; AMERICAN STATES UNIVERSITY; CANNABIS SCIENCE,INC.; HRM FARMS; S.G. FARMS; WILLIAM BILLS; GLEN BURGIN; GERARD GALVEZ; SCOTT RAYBORN; JUSTIN GRANADOS; GIL GRANADOS JR.; GIL GRANADOS; BRUCE GRANADOS; AND DOREEN MORALES; <br><br> Plaintiffs, <br><br> v. <br><br> SAN JOAQUIN COUNTY BOARD OF SUPERVISORS; SAN JOAQUIN COUNTY COUNSEL; ERIN HIROKO SAKATA; MIGUEL VILLAPUDUA;KATHERINE MILLER;TOM PATTI; BOB ELLIOTT; CHUCK WINN; SAN JOAQUIN COUNTY DISTRICT ATTORNEY; SAN JOAQUIN COUNTY SHERIFF; DOES 1-50, INCLUSIVE. <br><br> Defendant. | **EX-PARTE MOTION TO CONTINUE MOTION TO DISMISS; DECLARATION OF: COUNSEL, MEET AND CONFER, AND BASIS FOR EXPARTE** <br><br> CASE NO. 2:17-cv-02271-KJM-EFB <br><br> DATE: <br><br> TIME: <br><br> Courtroom: <br><br><br><br><br><br> Judge: Hon. Kimberly J. Mueller: <br><br> Magistrate: Hon. Edmund F. Brennan <br><br> Trial Date: None <br><br> Action Filed: October 30, 2017 |

1
MOTION TO CONTINUE NOTICE OF MOTION AND MOTION TO DISMISS;
DECLARATION; DECLARATION; CERTIFICATIONS

The Plaintiffs Cannabis Science, American States University, HRM Farms, FSO, William Bills and Glen Burgin ("Moving Plaintiffs") pursuant to Local Rule 230  and Fed. R. Civ. P. 78, hereby file this, their Ex Parte Motion to Continue Notice of Motion to Dismiss scheduled for April 20, 2018; Declaration of Counsel, Certification of Meet and Confer; and Need for Ex Parte, and as grounds therefor state:

**I. INTRODUCTION:**

1. On 1/16/2018 the Defendants filed their Notice of Motion to Dismiss and noticed the hearing for April 20, 2018. (Dk. #37.)

2. Since February 9, 2018, the undersigned counsel has sought to depose three witnesses. Two of these witnesses are Tim Pelican, a person listed in the Defendants' Rule 26 disclosure and Capt. Jerry Alejandre, also listed in Defendants' Rule 26 disclosure. A third witness, Brent Williams, is also sought. Complicating this was the admission of undersigned counsel to the Bar of this Court, the Eastern District of California and the filing of substitutions of counsel. Once that was accomplished these Moving Defendants proposed several Rule 26 disclosures after fielding numerous minuscule objections by opposing counsel.

3. The Defendants counsel has literally nit-picked every Rule 26 disclosure made by the Moving Plaintiffs as well as Mr. Salama's clients, while refusing to give firm dates of availability of the Defendants' counsel until just a few days before this Motion. At that point, counsel for the Defendants gave the undersigned one date of April 12th, 2018 for both Capt. Alejandre and Mr. Pelican, thus leaving less than half a day for each witness, considering that there are several Plaintiffs represented by different counsel, making for a examination of the witnesses to be too brief. No one on the moving Plaintiffs' side agreed to limit those depositions to half a day.

4. The time to oppose the Motion to Dismiss is 14 days prior to the April 20, 2018 hearing. Therefore opposing counsel has in fact "run out the clock" to try and prevent discovery prior to the date an Opposition is due on the hearing on the Motion to Dismiss. Moreover, opposing counsel is insisting that each deposition be concluded within the same day as it begins, despite the alleged lack of availability beyond 3 and 1/2 hours per witness, or less.

5. Nonetheless once Notices of the Depositions were sent out, opposing counsel notified the undersigned that he will be moving for a protective order unless the depositions are noticed and conducted strictly on Defendants' counsel's terms. This is not how relevant discovery is taken, it is not a one-way street. Plaintiffs are entitled to obtain necessary and relevant discovery in order to respond to the Motion to Dismiss or seek to timely amend to conform to any facts that come out during those depositions. The only date of availability given was April 12, 2018 for two witnesses but in a last-minute switch, Mr. Scholar conceded he might be able to make Capt. Alejandre available on the 11th, which is a date the undersigned set aside for other matters long before Mr. Scholar finally offered that date.

6. Equally important is the fact that the Plaintiffs will be seeking to renew their Motion for Preliminary Injunction and need the discovery in order to accomplish a proper response in opposition to the Motion to Dismiss or to propose a Third Amended Complaint and proceed with their revived Preliminary Injunction.

7. Despite the foreknowledge that Plaintiffs wanted to depose a limited number of witnesses prior to the Motion to Dismiss, Defendants' counsel blocked out all of March 2018 stating that no witnesses, parties or counsel were available for these depositions, and have done everything in their power to obstruct scheduling the depositions and in fact accused the proposed court reporter of being an unlicensed Certified Short Hand Reporter. As it turns out the court

3

MOTION TO CONTINUE NOTICE OF MOTION AND MOTION TO DISMISS;
DECLARATION; DECLARATION; CERTIFICATIONS

reporter is licensed and could easily have been verified; and all that has been accomplished thus far is several correspondences with opposing counsel who is attempting to run out the clock and prevent discovery before an Opposition can be filed.

7. Therefore, the ploy by defense counsel was obviously designed to prevent the Moving Plaintiffs from introducing any evidence from the witnesses prior to filing an opposition to the Motion to Dismiss.

## II. LACK OF CERTIFICATION OF A MEET AND CONFER:

8. Pursuant to the Court's standing orders, Defendants' counsel was required to meet and confer with all counsel before proceeding with the Notice of Motion to Dismiss and to certify those efforts. No such meet and confer is certified in the motion. There was no exploration as to what could be amended or why. Simply put there is no evidence that any meet and confer was made at all prior to filing and scheduling the Motion to Dismiss which violates the Court's standing orders.

## III. SUBSTITUTION OF COUNSEL:

9. Undersigned counsel substituted in for Joseph Salama, Esq. whom Moving Parties became dissatisfied with, and have retained the undersigned counsel who substituted in a few weeks prior to bringing this Motion.

WHEREFORE, the undersigned counsel respectfully requests that the Motion to Dismiss set for April 20, 2018 be continued until after Moving Plaintiffs can complete their discovery with respect to Capt. Jerry Alejandre, Tim Pelican, and Brent Williams.

Dated: 3/20/2018

Respectfully submitted,

/s/ Ronda Baldwin-Kennedy
Ronda Baldwin-Kennedy, Esq.

4
MOTION TO CONTINUE NOTICE OF MOTION AND MOTION TO DISMISS;
DECLARATION; DECLARATION; CERTIFICATIONS

**DECLARATION**

My name is Ronda Baldwin-Kennedy and I am counsel for the Plaintiffs Cannabis Science, American States University, HRM Farms, FSO, William Bills and Glen Burgin ("Moving Plaintiffs"), and if called upon to testify I would testify as follows:

1. On or about February 9, 2018, the parties met for a Rule 26 conference.

2. At and subsequent to the conference it was related to counsel for Defendants that the Moving Plaintiffs would be seeking to depose a limited number of witnesses prior to the Motion to Dismiss.

3. It was also related to Defendants' counsel that if the parties could not agree, a Motion to Expedite Discovery would be filed.

4. Subsequent to the admission of undersigned counsel to the Bar of this Court, several Rule 26 disclosures, amended and supplemented disclosures were submitted to opposing counsel, each of which was never to opposing counsel's satisfaction despite the fact that he, himself, was "guilty" of the same alleged "misconduct" by failing to give specified, detailed, interrogatory like answers to each provision of the rule's rather loose disclosure requirements.

5. After noticing the depositions, opposing counsel criticized the form of the notices, including claiming that the named court reporter was unlicensed and therefore not qualified under Fed.R.Civ.P. 28; and that upon a cursory inspection of the records of the State of California, it turns out that the court reporter is in fact licensed, certified and registered. Exhibit "A" hereto.

6. Exhibit "A" is a true, correct and accurate copy of the document obtained electronically from the public, electronic records of the State of California on March 13, 2018.

7. Opposing counsel then threatened to move for a protective order on the depositions.

MOTION TO CONTINUE NOTICE OF MOTION AND MOTION TO DISMISS;
DECLARATION; DECLARATION; CERTIFICATIONS

8. It became clear as of March 13, 2018, that opposing counsel was running out the clock to make it impossible for undersigned counsel to depose the witnesses before an opposition to the Motion to Dismiss could be filed and that he intends to obstruct the discovery process entirely.

9. By threatening to make it impossible to depose these critical witnesses, Defendants' counsel has obstructed the setting and noticing of the witnesses' depositions in a timely manner. These witnesses are critical because they were the parties who appeared before the San Joaquin Board of Supervisors to testify in support of the moratorium enacted into law by the Board of County Supervisors, resulting in this lawsuit and the allegations of the Second Amended Complaint.

## CERTIFCATION OF MEET AND CONFER

10. On March 20, 2018 the parties met and conferred regarding this Motion to Continue. Ronald Scholar, Esq., counsel for the Defendants, has objected to this motion.

## CERTIFICATION OF NEED FOR EX PARTE

11. This motion cannot be heard prior to April 20, 2018, the date set for the hearing, and therefore, the undersigned counsel moves on an ex parte basis to continue said hearing.

I declare under the penalty of perjury that the foregoing declaration is true and correct. Executed at _Ventura_, CA this 20th day of March, 2018.


Ronda Baldwin-Kennedy

6
MOTION TO CONTINUE NOTICE OF MOTION AND MOTION TO DISMISS;
DECLARATION; DECLARATION; CERTIFICATIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DEPARTMENT OF CONSUMER AFFAIRS
COURT REPORTERS BOARD OF CALIFORNIA

# COURT REPORTERS BOARD OF CALIFORNIA

| Licensee Name: | BOJKO LORI L |
|---|---|
| License Type: | Certified Shorthand Reporter |
| License Number: | 10923 |
| License Status: | **CURRENT** Definition |
| Expiration Date: | July 31, 2018 |
| Issue Date: | January 05, 1996 |
| Address: | 18524 EAST LAURIN DRIVE |
| City: | LINDEN |
| State: | CA |
| Zip: | 95236 |
| County: | CALAVERAS |
| Actions: | No |

## Disciplinary Actions

No information available from this agency

**Public Record Action(s)**

## This information is updated Monday through Friday - Last updated: MAR-12-2018

*Disclaimer*
*All information provided by the Department of Consumer Affairs on this web page, and on its other web pages and internet sites, is made available to provide immediate access for the convenience of interested persons. While the Department believes the information to be reliable, human or mechanical error remains a possibility, as does delay in the posting or updating of information. Therefore, the Department makes no guarantee as to the accuracy, completeness, timeliness, currency, or correct sequencing of the information. Neither the Department, nor any of the sources of the information, shall be responsible for any errors or omissions, or for the use or results obtained from the use of this information. Other specific cautionary notices may be included on other web pages maintained by the Department. All access to and use of this web page and any other web page or internet site of the Department is governed by the Disclaimers and Conditions for Access and Use as set forth at California Department of Consumer Affairs' Disclaimer Information and Use Information.*

Back