Ronda Baldwin-Kennedy, Esq. (SB #302813)
Law Office of Ronda Baldwin-Kennedy
24307 Magic Mountain Pkwy, # 337
Valencia, CA 91355-3402
Ph: (951) 268-8977
Fax: (702) 974-0147
Email:  ronda@lorbk.com

.

# UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE SPIRIT ORGANICS< MAC; AMERICAN STATES UNIVERSITY; CANNABIS SCIENCE,INC.; HRM FARMS; S.G. FARMS; WILLIAM BILLS; GLEN BURGIN; GERARD GALVEZ; SCOTT RAYBORN; JUSTIN GRANADOS; GIL GRANADOS JR.; GIL GRANADOS; BRUCE GRANADOS; AND DOREEN MORALES; <br><br>Plaintiffs, <br><br>v. <br><br>SAN JOAQUIN COUNTY BOARD OF SUPERVISORS; SAN JOAQUIN COUNTY COUNSEL; ERIN HIROKO SAKATA; MIGUEL VILLAPUDUA;KATHERINE MILLER;TOM PATTI; BOB ELLIOTT; CHUCK WINN; SAN JOAQUIN COUNTY DISTRICT ATTORNEY; SAN JOAQUIN COUNTY SHERIFF; DOES 1-50, INCLUSIVE. <br><br>Defendant. | **REPLY TO OPPOSITION TO EX-PARTE MOTION TO CONTINUE MOTION TO DISMISS; DECLARATION OF:  COUNSEL, MEET AND CONFER, AND BASIS FOR EXPARTE** <br><br> CASE NO. 2:17-cv-02271-KJM-EFB <br><br>DATE: <br><br>TIME: <br><br>Courtroom: <br><br><br><br>Judge: Hon. Kimberly J. Mueller: <br><br>Magistrate: Hon. Edmund F. Brennan <br><br>Trial Date: None <br><br>Action Filed: October 30, 2017 |

1
REPLY TO OPPOSITION TO MOTION TO CONTINUE NOTICE OF MOTION AND MOTION TO DISMISS; DECLARATION; DECLARATION; CERTIFICATIONS

The Plaintiffs Cannabis Science, American States University, HRM Farms, FSO, William Bills and Glen Burgin ("Moving Plaintiffs") pursuant to Local Rule 230 and Fed. R. Civ. P. 78, hereby file this, their Reply to Opposition to Motion to Continue Notice of Motion to Dismiss scheduled for April 20, 2018; Declaration of Counsel, and as grounds therefor state:

**I. INTRODUCTION:**

1. On 1/16/2018 the Defendants filed their Notice of Motion to Dismiss and noticed the hearing for April 20, 2018. (Dk. #37.) As stated previously, since February 9, 2018, the undersigned counsel has sought to depose three witnesses. Two of these witnesses are Tim Pelican, a person listed in the Defendants' Rule 26 disclosure and Capt. Jerry Alejandre, also listed in Defendants' Rule 26 disclosure. A third witness, Brent Williams, is also sought.

2. Undersigned counsel was admitted to practice before this Court on February 15, 2018 after Mr. Scholar was told repeatedly that she would be substituting in for various Plaintiffs in this case. Therefore, there was a one week lag-time between the processing of the admission papers, and the issuance of the certificate by the Clerk.

3. However, in the process, Mr. Scholar repeatedly criticized both counsel for what he claimed were deficiencies in their Rule 26 disclosures, overlooking of course, that the same alleged deficiencies were present in his own disclosures. In fact, the only way anyone could determine relevance of his listed witnesses was to literally copy and paste his own disclosure information because these are either parties employed by the Defendants all of whom are literally represented by Mr. Scholar whether they are parties or third party witnesses, or are third party witnesses who may have nominal knowledge of the case.

4. Again once Notices of the Depositions and issuance of subpoenas were sent out, opposing counsel notified the undersigned that he will be moving for a protective order unless the depositions are noticed and conducted strictly on Defendants' counsel's terms.

5. It is true that dates were given to Mr. Scholar for depositions, but ultimately he stated the availability of the witnesses Alejandre and Pelican would be on the 12th.

## II. LACK OF CERTIFICATION OF A MEET AND CONFER:

6. Pursuant to the Court's standing orders, Defendants' counsel was required to meet and confer with all counsel before proceeding with the Notice of Motion to Dismiss **and to certify those efforts**. No such meet and confer is **certified in the motion**. There was no exploration as to what could be amended or why, especially after the undersigned substituted into the case. Simply put there is no evidence that any meet and confer was made at all prior to filing and scheduling the Motion to Dismiss. **The representations were made in a sentence, buried in the Notice of Hearing on the Motion, but is not sworn to under oath**.

### (A). THE COURT'S STANDING ORDER:

"Notices of motions shall certify that meet and confer efforts have been exhausted and briefly summarize the meet and confer efforts."

Mr. Scholar's "certification" is unsworn and fails to definitively state under oath that all efforts have been exhausted and fails to briefly summarize anything. In fact here is exactly what Mr. Scholar states in his notice of motion, all in one sentence: "On and before January 12, 2018, the parties met and conferred by telephone conference in an attempt to resolve the issues raised by the Motion."

Therefore, the motion fails to properly certify that meet and confer efforts have been exhausted; nor does it briefly summarize the meet and confer efforts."

3
REPLY TO OPPOSITION TO MOTION TO CONTINUE NOTICE OF MOTION AND MOTION TO DISMISS; DECLARATION; DECLARATION; CERTIFICATIONS

### III. SUBSTITUTION OF COUNSEL:

7. Undersigned counsel substituted in for Joseph Salama, Esq. whom Moving Parties became dissatisfied with, and have retained the undersigned counsel who substituted in a few weeks prior to bringing this Motion. This took some time. However, Mr. Scholar admits in his declaration and opposing parties, that he was told on February 9, 2018 that the undersigned counsel was involved in the case on behalf of the moving Plaintiffs. There was no indefiniteness nor haze hanging about this fact. He was introduced by then counsel of record who is still counsel of record in this case, to the undersigned. He was told that the undersigned was going to be involved in the case.

### IV. THE SOLE CASE CITED, SPREWELL IS INAPPOSITE:

Responding parties assert that *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) controls the outcome of this motion. In fact *Sprewell* involved a plaintiff that overpleaded their complaint and attached documents which, in effect, pled that party out of their own case. The court stated that it would not consider extrinsic evidence, but when it's attached to the complaint it may. However, that is a far cry from what is proposed here. Moving parties believe they can amend the Complaint, but in order to do so, need to obtain specific evidence from the three witnesses: (1) Capt. Jerry Alejandre; (2) Tim Pelican; and (3) Brent Williams. These were the sole persons on notice of the County Board of Supervisors "emergency" meeting to pass the moratorium ordinance. No one else was on notice. These were the only three persons to appear and give unsworn "testimony" before the board. Curiously no one else was placed on notice, nor was anyone else allowed to be heard. The so-called testimony appeared to be dovetailed and specifically coordinated. It is important to determine what occurred "behind the scenes" in order to

determine where this case is going. And discovery is important with respect to these initial witnesses.

### (A). RESPONDING PARTIES REQUESTED JUDICIAL NOTICE IN THEIR MOTION TO DISMISS.

Where a party incorporates as part of its court papers a request for judicial notice in their motion to dismiss, the opposing parties have a right to discovery to counter the arguments set forth in the moving papers. Here Defendants' counsel filed a Request for Judicial Notice, moving this Court to take judicial notice of declarations filed by Burgin, Bills and papers attached from the Secretary of State. (Dkt #38.)

In *Hsu v. Puma Biotechnology, Inc.*, 2016 U.S. Dist. LEXIS 136527 (C.D. Cal. Sept. 30, 2016) and citations therein, the trial court considered extrinsic evidence specifically because the moving party requested judicial notice be taken. The trial court also emphasized that there is always a danger such a motion may be converted to a summary judgment motion while at the same time, depriving the responding party to the motion of a statement of issues, statement of undisputed facts, and of course discovery.

Here Dkt #38 specifically requests that this Court take judicial notice of several records including testimony of witnesses. By opening the door to evidentiary matters, the Defendants cannot complain if the Plaintiffs wish to bring in their own evidentiary matters and the only way to do that is to depose the three witnesses, the sole critical witnesses who presumptively "convinced" the Board of Supervisors to enact an emergency ordinance effectively **outlawing all scientific research** regarding Hemp in San Joaquin County, California. The literal effect was to declare scientific research a public nuisance, which enabled the Sheriff to go out and destroy a complete research facility by tearing up and disposing of all of the product of that research.

5
REPLY TO OPPOSITION TO MOTION TO CONTINUE NOTICE OF MOTION AND MOTION TO DISMISS; DECLARATION; DECLARATION; CERTIFICATIONS

These three witnesses were the only ones to appear to give some kind of "testimony" in order to "justify" this draconian measure.

### V. STREAM OF CORRESPONDENCE:

Other than the fact that Mr. Scholar in his declaration and stream of correspondence refers to undersigned counsel as "Ms. Kennedy" and not "Ms. Baldwin-Kennedy", the stream of correspondence, though incomplete, appears to be centered largely around the nit-picking that Mr. Scholar engaged in. The correspondence when read together, does not suggest any unprofessional enmity towards Mr. Scholar. The issue was simply setting depositions down. And in the process, it became increasingly difficult when at the end, Mr. Scholar complained that he did not believe the court reporter was qualified, when later he admitted that she was, and that he made the mistake of not typing her name in correctly in his own internet search. There simply was no reason for him to complain and virtually no lawyer questions the credentials of a court reporter from a court reporting firm, except Mr. Scholar.

The stream of correspondence as stated, though incomplete speaks for itself.

WHEREFORE, the undersigned counsel respectfully requests that the Motion to Dismiss set for April 20, 2018 be continued until after Moving Plaintiffs can complete their discovery with respect to Capt. Jerry Alejandre, Tim Pelican, and Brent Williams.

Dated:

                                        Respectfully submitted,

                                        /s/ Ronda Baldwin-Kennedy
                                        Ronda Baldwin-Kennedy, Esq.