# LAW OFFICES OF JOSEPH SALAMA

165 NORTH REDWOOD DRIVE, SUITE 285, SAN RAFAEL, CA 94903
T 415.948.9030 • F 415.479.1340 • joseph@salama.com

April 4, 2018

Honorable Kimberly J. Mueller
United States District Court
Eastern District of California
Courtroom 3, 15th Floor
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, California 95814

Case 2:17-cv-02271-KJM-EFB
*Winnemucca Shoshoni MBS et al. v. San Joaquin County Board of Supervisors, et al.*

Judge Mueller,

I beg the pardon of the Court for this informal filing.  On January 16, 2018, Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(6).  In support of their Motion, they attached a Request for Judicial Notice, attaching various declarations Plaintiffs have previously filed in this case.

The undersigned is aware of the case *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772 (9th Cir. 2014) in which the Court held "The Federal Rules provide for *sua sponte* conversion of a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment 'if … matters outside the pleadings are presented to and not excluded by the court.' Fed.R.Civ.P. 12(d). The district court must notify the parties before taking such action, in order to provide to the parties a fair opportunity to present material relevant to summary judgment. *Id.*" *Id.*, at 781, *citing Garaux v. Pulley*, 739 F.2d 437, 438–9 (9th Cir.1984).

Consistent with this, it is therefore in the sound discretion of this Honorable Court whether it will consider the Declarations offered by defendants in support of their Motion, effectively converting it into a Rule 56 motion for summary judgment.  I am accordingly submitting this letter to ascertain the same before our clients' Opposition is due.[1]

---

[1] " [9:235] **PRACTICE POINTER FOR PLAINTIFF:** Responding to a Rule 12(b)(6) motion based on extrinsic evidence can be difficult if the court has not indicated whether it will consider the extrinsic evidence. If you have opportunity to do so, *ask the court for a ruling* on this matter *before* your opposition papers are due." *D.Motions to Dismiss (Rule 12(b)),* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D.

The primary issues raised by the Second Amended Complaint, like its predecessor pleadings, concern the Constitutionality of the actions of the County in enacting and enforcing their ordinance.  For this reason, plaintiffs believe nearly all the Constitutional issues lend themselves to *cross-motions* for *summary judgment* because the vast majority of the facts in support cannot be reasonably disputed.  The remaining facts can be the focus of limited discovery (facts, for example, to support the allegations that plaintiffs were specifically targeted in support of the cause of action for bill of attainder, beyond the already verifiably large portion of the board meeting spent exclusively discussing plaintiffs' grow).  It appears to plaintiffs that this would more efficiently dispose of more of the case.

Lastly, there is a related issue concerning the ripeness of plaintiffs' state-law based claims that the Court may wish to consider.  Plaintiffs sent defendants claims under the California Government Tort Claims Act.  They were denied - and the denial occurred after the filing of the active complaint.  Plaintiffs will be requesting leave to amend to incorporate these causes of action.  Accordingly it appears to be in the interest of judicial economy to wait for the amendment and have one dispositive hearing afterward rather than hold the one presently on calendar, only to have yet another one following amendment.

Plaintiffs are aware this letter is not a properly noticed motion, or even an *ex parte* application.  Plaintiffs are merely requesting clarity on how the Court will view the "speaking" 12(b)(6) motion defendants filed.  The information above is offered simply for the Court's information and consideration, although plaintiffs *do* believe it makes sense to do this once instead of twice.

I spoke extensively to Mr. Ronald Scholar, attorney for defendants, on two separate occasions concerning defendants' position on this issue.  As I understand it, Mr. Scholar would prefer that the Court *not* consider the outside declarations judicially noticed with their motion rather than have the Court convert the Motion to Dismiss to a Motion for Summary Judgment because defendants would have filed additional evidence in support of a Rule 56 motion.  Furthermore, Mr. Scholar would prefer the hearing to go forward as scheduled as he believes there's a decent chance it will dispose of the all the federal claims in their entirety.  It is my understanding he will be filing a responsive letter to this one, consistent with these stated positions, within the next two days.

Respectfully submitted,

Joseph Salama