UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Free Spirit Organics, NAC, et al., | No. 2:17-CV-02271-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| San Joaquin County Board of Supervisors, et al., | |
| Defendants. | |

    Plaintiffs claim various San Joaquin County officials violated their constitutional rights by prohibiting plaintiffs from growing hemp. *See generally* Third Am. Compl. (TAC), ECF No. 100. The court previously granted the defendants' motion to dismiss in part, dismissing all but one claim. Prev. Mot. (Aug. 11, 2020), ECF No. 101; Prev. Order (Mar. 25, 2022) at 13, ECF No. 107.

    For the one remaining claim, which rested on the Fourth Amendment, the court held that although the Sheriff's Department had obtained a valid warrant to search and seize the plaintiffs' hemp crop, the plaintiffs had plausibly alleged the search was unreasonable because it was not conducted in compliance with the warrant's terms. Prev. Order (Mar. 25, 2022) at 13–16. The plaintiffs asserted this claim against the "Sheriff," defined as "a group of public employees charged with enforcement of actions in the unincorporated parts of San Joaquin County." TAC

¶ 16. As plaintiffs sued the Sheriff's office rather than individual officers, their claim could succeed only under *Monell v. Department of Social Services,* 436 U.S. 658 (1978). *See Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014); *Wagner v. Santa Clara Sheriff's Off.*, 116 F.3d 488 (9th Cir. 1997) (unpublished) (affirming dismissal of "claims against the Sheriff's Office" because complaint did not "allege the existence of any practice, policy, or custom"). In its prior order, however, the court said it was dismissing the plaintiffs' *Monell* claim without dismissing the Fourth Amendment claim. Prev. Order (Mar. 25, 2022) at 17–18. The allegations the plaintiffs offered in support of the *Monell* claim described only "isolated or sporadic incidents," which do not suffice to state a claim. *Id.* at 18. Plaintiffs have included the same allegations in the operative complaint now before the court.

Because the plaintiffs have not pleaded a claim under *Monell*, the County argues the remaining Fourth Amendment claim must also now be dismissed. *See generally* Mot. (Apr. 8, 2022), ECF No. 108. Alternatively, the defendants request relief under Rule 60 in the form of dismissal of the Fourth Amendment claim. *See id.* at 11. The motion is fully briefed. Opp'n, ECF No. 109; Suppl., ECF No. 110; Reply, ECF No. 111. The court now submits the motion on the papers.

Rule 60 is the appropriate tool to correct the error in this court's previous order. Under Rule 60(a), a court "may correct . . . a mistake arising from oversight or omission." This rule permits a court to ensure its orders achieve the results it "originally intended." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (citation and marks omitted). In other words, the rule permits a court to correct a previous order when what is "spoken, written or recorded is not what the [court] intended to speak, write or record." *Waggoner v. R. McGray, Inc*, 743 F.2d 643, 644 (9th Cir. 1984).

No factual allegations in the operative complaint support the plaintiffs' theory that the Sheriff's Office as an agency of the County is liable under *Monell*. The complaint alleges only that "[c]onsistent with policy and custom, [d]efendants . . . enforced Ordinance 4497 against [p]laintiffs." TAC ¶ 93. Reciting the elements of a *Monell* claim without factual allegations is insufficient to state a claim. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir.

2012). For that reason, the court's prior order should have disposed of all claims against the County, including the Fourth Amendment claim that the court erroneously permitted to continue. Dismissing that claim now corrects the error, however inadvertent.

The court previously determined that plaintiffs should not be granted leave to amend their complaint again. Prev. Order (Mar. 25, 2022) at 20. The plaintiffs have offered no persuasive reason to reconsider that decision. The operative complaint is thus dismissed without leave to amend.

**I.    CONCLUSION**

The motion for relief under Rule 60 (ECF No. 108) is **granted**. The Third Amended Complaint is **dismissed without leave to amend**. All previously set deadlines and hearing dates are vacated. The Clerk of Court is directed to **close the case.**

IT IS SO ORDERED.

DATED: June 27, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE